UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT MCCAULEY,

        Plaintiff,

Case No. 1:09-cv-160

Hon. Robert J. Jonker

vs.

CORRECTIONAL MEDICAL SERVICES,
INC., *et al.*,

        Defendants.
_____/

**ORDER**

Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on plaintiff's motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a) (docket no. 13). In his motion, plaintiff asks the court to order defendants to provide him with physical therapy and other medical procedures. Plaintiff's motion will be denied as improperly filed.

Plaintiff's amended complaint includes 16 known and 4 unknown defendants. He failed to include a certificate of service or proof of service as required by Fed. R. Civ. P. 5(d)(1) and W.D. Mich. LCivR 5.2. In addition, he filed the motion for preliminary injunction before any defendants had appeared in this action. There is no evidence that any of these defendants were served with process when plaintiff filed the motion.[1] When a preliminary injunction is sought under Rule 65(a), service of the summons and the complaint is required. *Carty v. Rhode Island*

---

[1] Plaintiff states that he mailed out the summonses one day before he filed the preliminary injunction in this court. *See* docket no. 16. docket.

*Department of Corrections*, 198 F.R.D. 18, 20 (D. R.I. 2000). *See also, Clement Martin, Inc. v. Dick Corp.*, 97 F. Supp. 961, 963 (W.D. Pa. 1951) ("[s]ince an injunction is sought personal service is required"). It is well settled that without service of process, a court has no jurisdiction over defendants named in a lawsuit. *Carty*, 198 F.R.D. at 20.[2]

Accordingly, plaintiff's motion is **DENIED** as improperly filed. Plaintiff may, of course, re-file the motion in proper form in accordance with the applicable court rules.

**IT IS SO ORDERED.**

Dated: January 15, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

---

[2] The court notes that some defendants filed a response to the motion after they appeared. *See* docket nos. 47, 48 and 54. The fact that some defendants volunteered premature responses to the improperly filed motion does not alter the need to adhere to the rules, and only confuses the situation.